UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJOT SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>    Respondents. | No. 1:25-cv-01690 JLT SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Navjot Singh is an immigration detainee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 3, 2025, the assigned Magistrate Judge issued Findings and Recommendation to dismiss the petition. (Doc. 6). The Court served the Findings and Recommendation on petitioner and notified him that any objections were due within 21 days. (*Id.*). The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). Petitioner did not file objections, and the time to do so has passed. (*See* docket).

The Court takes notice that on January 16, 2015, the Immigration Judge ordered

1

petitioner's removal.[1] *See* https://acis.eoir.justice.gov/en/caseinformation/ Singh, Navjot (last visited 01/14/2026). The Board of Immigration Appeals dismissed petitioner's appeal of removal on October 3, 2016. (*Id.*). Petitioner filed in the Ninth Circuit Court of Appeals a petition for review of the BIA decision denying asylum and withholding of removal, which the Circuit denied, finding therein that any Convention Against Torture (CAT) claim had been waived. *Singh v. Garland*, No. 16-73511, 2022 WL 414247 (9th Cir. Feb. 10, 2022). Petitioner filed with the BIA on August 23, 2023, a motion to reopen jurisdiction, which the BIA denied. *See* https://acis.eoir.justice.gov/en/caseinformation/ Singh, Navjot (last visited 01/14/2026).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendation is correct based upon the legal issues raised. The additional information of which the Court takes notice, makes clear that petitioner has not yet been subject to an unconstitutional detention. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendation issued on December 3, 2025, (Doc. 6), is **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** without prejudice.[2]
3. The Clerk of Court is directed to enter judgment and close the case.
4. A certificate of appealability is not required in the event an appeal is filed.[3]

///

///

///

---

[1] It appears the Third Circuit Court of Appeals also considered these facts. *See Singh v. Att'y Gen. United States*, No. 21-2100, 2022 WL 1011219 (3d Cir. Apr. 5, 2022); *Singh v. Att'y Gen. United States*, No. 23-1549, 2024 WL 3356994 (3d Cir. July 10, 2024).

[2] Petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice, as moot. 18 U.S.C. § 3006A(a)(2)(B).

[3] A certificate of appealability will not be required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

1 | This order terminates the action in its entirety.

3 | IT IS SO ORDERED.

4 | Dated: **January 15, 2026**                                    _____
UNITED STATES DISTRICT JUDGE